PEOPLE ex rel. MARINELLO *v.* SCIACCA ASSN. 341

App. Div.]    First Department, December Term, 1900.

---

The People of the State of New York ex rel. Stefano Marinello, Appellant, *v.* Sciacca Association in New York, Respondent.

*Waiver of a default in the payment of a fine to a benefit association — validity of a by-law limiting the right to resort to the courts.*

A benefit association which, after imposing a fine upon a member thereof, receives from him the dues for two successive months, thereby waives a right to suspend him from membership, because of the non-payment of the fine.

*Quære,* whether a by-law of the association limiting the right of a member to resort to the courts is valid.

Appeal by the relator, Stefano Marinello, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of September, 1900, denying the relator's motion for a peremptory writ of mandamus directing and ordering that he be reinstated in

the defendant society, and to compel said society to accept the dues tendered and permit the relator to share the sick benefit and other funds and benefits of the society.

*Martin Wechsler*, for the appellant.

*Achille J. Oishei*, for the respondent.

O'BRIEN, J.:

The relator was a member of the Sciacca Association, and in January, 1899, was taken ill and claimed some sick benefits, which were refused upon the ground that, having for a time prior to his illness been in arrears for dues which he had finally paid, he was not entitled, under the by-laws, to receive sick benefits until thirty days had elapsed after he had regained his status as a member of the society in good standing. Upon this refusal the relator threatened the association with suit and was then notified that if he took such action he would be fined. Nevertheless, in March, 1900, he brought suit, but his case was dismissed and thereafter he was fined ten dollars, which he refused and neglected to pay, and, as a result, was suspended from membership.

The petition to obtain reinstatement shows that the relator's action to recover the sick benefits was commenced and disposed of in March, 1900, and the fine was thereafter imposed, and notwithstanding the imposition of the fine and the relator's refusal to pay it, the association accepted his dues for the months of April and May, and it was only when he tendered his dues for the month of June that he was informed they would not be received unless he paid in addition the ten dollars fine.

Without deciding whether the power was given under the by-laws to impose the fine — which is doubtful — or whether a by-law which attempts to interfere with the right of members to resort to the court is valid — which raises the serious question whether or not such a by-law is against public policy — we prefer to rest our decision upon the ground that, having imposed the fine and thereafter received the dues for two successive months, the association waived any right it had to resort to the harsh remedy of ejecting the relator from the society, thus depriving him of all his privileges as a member. If the association intended to insist upon the payment of

the fine and the right to expel the relator for non-payment of the same, it should not have accepted dues thereafter accruing.

Our conclusion being that the acceptance of the dues by the society entitled the relator to his privileges as a member, the order of the Special Term should be reversed, with ten dollars costs and disbursements, and the motion for a peremptory writ of mandamus granted, with ten dollars costs.

VAN BRUNT, P. J., McLAUGHLIN and HATCH, JJ., concurred; INGRAHAM, J., concurred in result.

Order reversed, with ten dollars costs and disbursements, and motion for peremptory writ of mandamus granted, with ten dollars costs.